■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM JOHNSON, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 19, 1975, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree. Defendant was indicted on two counts of criminal sales of a controlled substance in the third degree, possession of stolen property and possession of a weapon. On May 16, 1975, he pleaded guilty to one count of sale of a controlled substance in full satisfaction of the four-count indictment. He was sentenced to an indeterminate term of one year to life, the minimum sentence available. This appeal ensued and defendant urges reversal on the grounds (1) that his plea of guilty was improperly received; (2) a hearing should have been conducted to determine whether he was entitled to be sentenced to probation; and (3) the first two counts of the indictment should be dismissed because the mandatory maximum sentence of life imprisonment under the statutes is unconstitutional. This latter issue has already been passed upon by our courts and the statutes held constitutional. *(People v Broadie,* 37 NY2d 100, cert den 423 US 950). The remaining issues have been examined by us and found unpersuasive. The record reveals that the court carefully questioned the defendant about the facts and circumstances surrounding the count of the indictment to which defendant pleaded guilty. The record further reveals that the court fully advised defendant of his rights and he understood what he was doing when he entered his plea of guilty. Finally, the record clearly demonstrates that the court informed defendant prior to sentence that the minimum sentence would be imposed unless the District Attorney recommended special treatment pursuant to section 65.00 (subd 1, par [b]) of the Penal Law. No such promise or recommendation was made. Consequently, the judgment should be affirmed.

Judgment affirmed. Sweeney, J. P., Kane, Larkin, Herlihy and Reynolds, JJ., concur.